IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **International Watchman, Inc.**, <br> c/o statutory agent: Ronald Sabo, Jr. <br> 4301 Manhattan Ave. <br> Brunswick, Ohio 44232, <br><br> Plaintiff, <br><br> v. <br><br> **The NATO Strap Co.**, <br> c/o statutory agent: Mr. Jason Taras <br> 4402 Mammoth Ave <br> Apt. 11 <br> Sherman Oaks, CA 91423, <br><br> and, <br><br> **Mr. Jason Taras**, <br> 4402 Mammoth Ave <br> Apt. 11 <br> Sherman Oaks, CA 91423, <br><br> and, <br><br> **29 Central Ltd. Co.**, <br> c/o statutory agent: Mr. Alexander Osorio <br> 107 Pine Point Ct. <br> League City, TX 77573, <br><br> and, <br><br> **Suresh C. Sachdev**, <br> **dba Variety Corp.** <br> **dba A Treasure Nest** <br> 5631 Braxton Drive <br> Houston, TX 77036, <br><br> and, | Case No. <br><br> Judge: <br><br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT, AND UNFAIR COMPETITION** <br><br> *(Jury Demand Endorsed Hereon)* |

Plaintiff's Complaint - 1

1 - 1 -

| | | |
|---|---|---|
| **Expo International, Inc.**, | ) | |
| c/o registered agent: Suresh C. Sachdev | ) | |
| 5631 Braxton Drive | ) | |
| Houston, TX  77036, | ) | |
| | ) | |
| and, | ) | |
| | ) | |
| **Chris Hill,** | ) | |
| dba TexasStrapCo.com | ) | |
| 3 Cypress Court | ) | |
| Trophy Club, TX 76262, | ) | |
| | ) | |
| and, | ) | |
| | ) | |
| **Clockwork Synergy, LLC.**, | ) | |
| c/o registered agent: | ) | |
| Matthew T. Carter, Esq. | ) | |
| 8401 Dogwood Road | ) | |
| Baltimore, MD 21244 , | ) | |
| | ) | |
| Defendants. | ) | |

NOW COMES the Plaintiff, *International Watchman, Inc.*, and for its Complaint against the Defendants alleges and avers as follows:

## **THE PARTIES**

1. The Plaintiff, International Watchman, Inc., is a corporation organized under the laws of Ohio, and has its principal place of business in Brunswick, Ohio, which is in Medina County.

2. Upon information and belief, the Defendant, The NATO Strap Co., is a corporation organized under the laws of California, and has its principal place of business in Sherman Oaks, California.

3. Upon information and belief, the Defendant, 29 Central Ltd. Co., is a corporation organized under the laws of Texas, and has its principal place of business in League City, Texas.

4. Upon information and belief, the Defendant, Suresh C. Sachdev, is operating under various names and aliases, including, Variety Corp. and The Treasure Nest, both having identical addresses as the Defendant Expo International, Inc., of which Defendant Sachdev is the Registered Agent. All these Defendants operate at a principal place of business in Houston, TX.

5. Upon information and belief, the Defendant, Chris Hill, is operating under the name The TexasStrapCompany, and is unincorporated, and his principal place of business in Fort Worth, TX.

6. Upon information and belief, the Defendant, Clockwork Synergy, LLC, has a principal place of business in Baltimore, MD.

## **JURISDICTION AND VENUE**

7. This is an action for trademark infringement. The Court has subject matter over this matter because the Plaintiff states a claim for federal trademark infringement, 15 U.S.C. § 1125(a); §43(a) of the Lanham Act. This Court also has supplemental jurisdiction over the claims in the Complaint which arise under the statutory and common law of the State of Ohio pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

8. This Court has personal jurisdiction over the Defendants by virtue of their sale of products, transaction of business, and solicitation of business within the State of Ohio, within this judicial district and elsewhere.

9. Ohio's Long-Arm Statute, RC § 2307.382(A)(1), provides that "A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's: (1) Transacting any business in this state."  In this case, the Defendants transact business in this state.

10. Ohio's Long-Arm Statute, RC § 2307.382(A)(2), provides that "A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's: (2) Contracting to supply services or goods in this state."  In this case, the Defendants contract to supply goods in this state.

11. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391(b)(2) and/or 28 U.S.C. § 1400(b) because a substantial part of the events giving rise to the claims occurred in this judicial district, the Defendants are subject to personal jurisdiction in this district, and the infringement occurred within this judicial district.

## FACTUAL ALLEGATIONS

12. Since its founding in 1986 and incorporation in 1997, the Plaintiff has designed, produced, and marketed a broad line of distinctive, high-quality watches, watch parts, watch bands, watch straps, watch bracelets, deployment buckles, watch tools, loupes, case openers, screwdrivers, link removers, hand pullers, spring bars, watch boxes, watch rolls, folders, cases, and other similar products in the United States and overseas.

13. The Plaintiff is one of the Midwest's leading provider of such products and original equipment parts for hundreds of jewelry stores throughout the United States.

14. Within these areas of specialty, Plaintiff has become very well known for a distinctive type of Military watchstrap that was originally developed during WWI and WWII for use with

military style watches. These watch bands, made of canvas, nylon, ballistic nylon and similar materials created to enhance the original appearance of military watches have become quite popular for all styles of wrist watches and are widely sold by Plaintiff under the NATO® and NATO-G10® brands.

15. These military straps had, in the past, been sold through distributors and military contractors. Currently, the Plaintiff sells the NATO® and NATO-G10® brand watch bands directly to consumers as part of their website http://www.internationalwatchman.com/militaryband.htmls. Additionally, direct to consumer sales are accomplished in great overall volumes through on-line shopping sites such as www.eBay.com and www.Amazon.com.

16. The Plaintiff has become a leader in the sale of these distinctive types of Military watchstraps.

17. The Plaintiff has a federally registered mark for "NATO" via Registration Number 3,907,646. ("the '646 mark") (See Registration Certificate attached hereto as "Exhibit 1.")

18. The Plaintiff also has a federally registered mark for "NATO-G10," via Registration No. 4,093,914 ("the '914 mark") (See Registration Certificate attached hereto as "Exhibit 2.")

19. Plaintiff is asserting that Defendants have each infringed the Plaintiff's federally registered trademarks – the '646 and/or '914 marks.

20. The Defendant, The NATO Strap Co., has unfairly misused the Plaintiff's registered mark in the Defendant's use of "NATO" in connection with their infringing business services.

21. Defendant The NATO Strap Company's products sold at http://www.natostrapco.com, and on eBay.com are colorable imitations of Plaintiff's "NATO" mark, and causes confusion in the marketplace.  (See examples of the infringement as "Exhibit 3.")

22. On information and belief, Defendant Jason Taras has imported or solicited for importation a "large quantity of NATO watch straps" in "many different colors and patterns".  (See for example "Exhibit 4.")

23. The Defendant, 29 Central Ltd. Co., has also unfairly misused the Plaintiff's registered mark in the Defendant's use of "NATO" in connection with their infringing business services.

24. Defendant's products sold at http://www.29central.com (see screen print attached hereto as "Exhibit 5") are colorable imitations of Plaintiff's "NATO" mark, and causes confusion in the marketplace.

25. The Defendants Suresh C. Sachdev and Expo International Inc. have unfairly misused the Plaintiff's registered mark in the Defendant's use of "NATO" and "NATO-G10" in connection with their infringing business services.

26. Defendants  Suresh C. Sachdev and Expo International Inc.'s products are sold in various forums, including at www.Amazon.com (see screen print attached hereto as "Exhibit 6") and www.ebay.com (see screen print attached hereto as "Exhibit 7") and are colorable imitations of Plaintiff's "NATO" mark, and causes confusion in the marketplace.

27. Defendant Chris Hill's products sold at http://www.texasstrapco.com (see screen print attached hereto as "Exhibit 8") and www.facebook.com/TexasStrapCo (see screen print attached hereto as "Exhibit 9") are colorable imitations of Plaintiff's "NATO" and "NATO-G10" marks, and causes confusion in the marketplace.

28. Defendant Clockwork Synergy's products are sold in various forums, including at www.ebay.com (see screen print attached hereto as "Exhibit 10") and through www.clockworksynergy.com (see "Exhibit 11") and are colorable imitations of Plaintiff's "NATO" mark, and causes confusion in the marketplace.

29. None of the Defendants were and are not currently authorized by the Plaintiff in any way to use the Plaintiff's federally registered marks.

30. The Plaintiff is entitled to an award of damages against the Defendants for trademark infringement.

### CLAIM NO. 1
*(Federal Trademark Infringement; Unfair Competition*
*15 U.S.C. § 1125(a); §43(a) of the Lanham Act )*
(Versus Defendants The NATO Strap Co. and Jason Taras)

31. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

32. The Defendants have used, and are using, the Plaintiff's NATO® mark without any authorization from the Plaintiff on their "www.natostrapco.com" website as well as on other selling sites including www.eBay.com. Defendants' sales are accomplished in such a fashion and design as to imitate, counterfeit, copy, and reproduce Plaintiff's mark.

33. The Defendant's acts were and are done with the purpose of exploiting and trading on the substantial goodwill and reputation of Plaintiff as symbolized by the NATO® mark. Such intentional acts on the part of Defendants have damaged Plaintiff's goodwill as symbolized by its NATO® mark, causing Plaintiff immediate and irreparable damage.

34. The Defendant's conduct has caused confusion, mistake, and deception, and is likely to continue to cause confusion, mistake, and deception, and has infringed upon the Plaintiff's exclusive rights in its trademark.

35. Upon information and belief, the Defendant had actual knowledge of Plaintiff's exclusive rights in the NATO® mark and willfully and deliberately infringed Plaintiff's rights.

36. The Defendant's acts of trademark infringement occurred in connection with the same or similar services offered by Plaintiff and is therefore likely to cause the public to mistakenly believe that the "NATO Strap Company" products and services originate from, are sponsored by, or are associated with Plaintiff, constituting a false designation of origin or false or misleading description or representation of fact, and are also likely to cause the mark in question to lose its significance as an indicator of origin, in violation of 15 U.S.C. § 1125(a).

37. The Defendant's actions constitute trademark infringement, unfair competition, in violation of Plaintiff's rights under 15 U.S.C. § 1125(a).

## CLAIM NO. 2
*(Ohio Unfair Competition O.R.C § 4165.02 et seq.)*
(Versus The NATO Strap Company and Jason Taras)

38. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

39. All of the Defendant The NATO Strap Company's acts and conduct as alleged above in this Complaint constitute unfair competition as defined by Ohio Revised Code § 4165.02 *et seq*.

**CLAIM NO. 3**
*(Federal Trademark Infringement; Unfair Competition*
*15 U.S.C. § 1125(a); §43(a) of the Lanham Act )*
(Versus Defendant 29 Central Ltd. Co.)

40. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

41. The Defendants have used, and are using, the Plaintiff's NATO® mark without any authorization from the Plaintiff in on their "www.29central.com" website. Defendant's sales are accomplished in such a fashion and design as to imitate, counterfeit, copy, and reproduce Plaintiff's mark.

42. The Defendant's acts were and are done with the purpose of exploiting and trading on the substantial goodwill and reputation of Plaintiff as symbolized by the NATO® mark. Such intentional acts on the part of Defendants have damaged Plaintiff's goodwill as symbolized by its NATO® mark, causing Plaintiff immediate and irreparable damage.

43. The Defendants' conduct has caused confusion, mistake, and deception, and is likely to continue to cause confusion, mistake, and deception, and has infringed upon the Plaintiff's exclusive rights in its trademark.

44. Upon information and belief, the Defendants had actual knowledge of Plaintiff's exclusive rights in the NATO® mark and willfully and deliberately infringed Plaintiff's rights.

45. The Defendants' acts of trademark infringement occurred in connection with the same or similar services offered by Plaintiff and is therefore likely to cause the public to mistakenly believe that the "NATO Strap Company" products and services originate from, are sponsored by, or are associated with Plaintiff, constituting a false designation of origin or false or

misleading description or representation of fact, and are also likely to cause the mark in question to lose its significance as an indicator of origin, in violation of 15 U.S.C. § 1125(a).

46. The Defendants' actions constitute trademark infringement, unfair competition, in violation of Plaintiff's rights under 15 U.S.C. § 1125(a).

### CLAIM NO. 4
*(Ohio Unfair Competition O.R.C § 4165.02 et seq.)*
(Versus Defendant 29 Central Ltd. Co.)

47. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

48. All of the Defendant 29 Central Ltd. Co.'s acts and conduct as alleged above in this Complaint constitute unfair competition as defined by Ohio Revised Code § 4165.02 *et seq*.

### CLAIM NO. 5
*(Federal Trademark Infringement; Unfair Competition*
*15 U.S.C. § 1125(a); §43(a) of the Lanham Act)*
(Versus Defendants Suresh C. Sachdev, Variety Corp., A Treasure Nest, and Expo International, Inc.)

49. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

50. The Defendants have used, and are using, the Plaintiff's NATO® mark without any authorization from the Plaintiff on www.eBay.com, www.Amazon.com, and their "www.varietycorp.com" website. Defendants' sales are accomplished in such a fashion and design as to imitate, counterfeit, copy, and reproduce Plaintiff's mark.

51. The Defendants' acts were and are done with the purpose of exploiting and trading on the substantial goodwill and reputation of Plaintiff as symbolized by the NATO® mark. Such

Plaintiff's Complaint - 10

10      - 10 -

intentional acts on the part of Defendants have damaged Plaintiff's goodwill as symbolized by its NATO® mark, causing Plaintiff immediate and irreparable damage.

52. The Defendants' conduct has caused confusion, mistake, and deception, and is likely to continue to cause confusion, mistake, and deception, and has infringed upon the Plaintiff's exclusive rights in its trademark.

53. Upon information and belief, the Defendants had actual knowledge of Plaintiff's exclusive rights in the NATO® mark and willfully and deliberately infringed Plaintiff's rights.

54. The Defendants' acts of trademark infringement occurred in connection with the same or similar services offered by Plaintiff and is therefore likely to cause the public to mistakenly believe that the "VarietyCorp" products and services originate from, are sponsored by, or are associated with Plaintiff, constituting a false designation of origin or false or misleading description or representation of fact, and are also likely to cause the mark in question to lose its significance as an indicator of origin, in violation of 15 U.S.C. § 1125(a).

55. The Defendants' actions constitute trademark infringement, unfair competition, in violation of Plaintiff's rights under 15 U.S.C. § 1125(a).

### CLAIM NO. 6
*(Ohio Unfair Competition O.R.C § 4165.02 et seq.)*
(Versus Defendants Suresh C. Sachdev, Variety Corp., A Treaure Nest, and Expo International, Inc.)

56. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

57. All of the Defendants' acts and conduct as alleged above in this Complaint constitute unfair competition as defined by Ohio Revised Code § 4165.02 *et seq*.

### CLAIM NO. 7
*(Federal Trademark Infringement; Unfair Competition*
*15 U.S.C. § 1125(a); §43(a) of the Lanham Act)*
*(Versus Defendant Chris Hill and texasstrapco.com)*

58. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

59. The Defendants have used, and are using, the Plaintiff's NATO® and NATO-G1® marks without any authorization from the Plaintiff on their "www.texasstrapco.com" website as well as on www.facebook.com/TexasStrapCo. Defendants' sales are accomplished in such a fashion and design as to imitate, counterfeit, copy, and reproduce Plaintiff's mark.

60. The Defendants' acts were and are done with the purpose of exploiting and trading on the substantial goodwill and reputation of Plaintiff as symbolized by the NATO® and NATO-G10 marks. Such intentional acts on the part of Defendants have damaged Plaintiff's goodwill as symbolized by its NATO® and NATO-G10 marks, causing Plaintiff immediate and irreparable damage.

61. The Defendants' conduct has caused confusion, mistake, and deception, and is likely to continue to cause confusion, mistake, and deception, and has infringed upon the Plaintiff's exclusive rights in its trademark.

62. Upon information and belief, the Defendants had actual knowledge of Plaintiff's exclusive rights in the NATO® and NATO-G10 marks and willfully and deliberately infringed Plaintiff's rights.

63. The Defendants' acts of trademark infringement occurred in connection with the same or similar services offered by Plaintiff and is therefore likely to cause the public to mistakenly believe that the "TexasStrapCo." products and services originate from, are sponsored by, or are associated with Plaintiff, constituting a false designation of origin or false or misleading description or representation of fact, and are also likely to cause the mark in question to lose its significance as an indicator of origin, in violation of 15 U.S.C. § 1125(a).

64. The Defendants' actions constitute trademark infringement, unfair competition, in violation of Plaintiff's rights under 15 U.S.C. § 1125(a).

### CLAIM NO. 8
*(Ohio Unfair Competition O.R.C § 4165.02 et seq.)*
(Versus Defendant Chris Hill and texasstrapco.com)

65. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

66. All of the Defendant Chris Hill dba TexasStrapCo.com's acts and conduct as alleged above in this Complaint constitute unfair competition as defined by Ohio Revised Code § 4165.02 *et seq*.

### CLAIM NO. 9
*(Federal Trademark Infringement; Unfair Competition*
*15 U.S.C. § 1125(a); §43(a) of the Lanham Act)*
(Versus Defendant Clockwork Synergy)

67. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

68. The Defendants have used, and are using, the Plaintiff's NATO® mark without any authorization from the Plaintiff on www.eBay.com, www.Amazon.com, and their

"http://www.clockworksynergy.com/" website. Defendants' sales are accomplished in such a fashion and design as to imitate, counterfeit, copy, and reproduce Plaintiff's mark.

69. The Defendants' acts were and are done with the purpose of exploiting and trading on the substantial goodwill and reputation of Plaintiff as symbolized by the NATO® mark. Such intentional acts on the part of Defendants have damaged Plaintiff's goodwill as symbolized by its NATO® mark, causing Plaintiff immediate and irreparable damage.

70. The Defendants' conduct has caused confusion, mistake, and deception, and is likely to continue to cause confusion, mistake, and deception, and has infringed upon the Plaintiff's exclusive rights in its trademark.

71. Upon information and belief, the Defendants had actual knowledge of Plaintiff's exclusive rights in the NATO® mark and willfully and deliberately infringed Plaintiff's rights.

72. The Defendants' acts of trademark infringement occurred in connection with the same or similar services offered by Plaintiff and is therefore likely to cause the public to mistakenly believe that the "clockwork synergy" products and services originate from, are sponsored by, or are associated with Plaintiff, constituting a false designation of origin or false or misleading description or representation of fact, and are also likely to cause the mark in question to lose its significance as an indicator of origin, in violation of 15 U.S.C. § 1125(a).

**73.** The Defendants' actions constitute trademark infringement, unfair competition, in violation of Plaintiff's rights under 15 U.S.C. § 1125(a).

**CLAIM NO. 10**
*(Ohio Unfair Competition O.R.C § 4165.02 et seq.)*
(Versus Defendant Clockwork Synergy)

74. The Plaintiff hereby incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

75. All of the Defendants' acts and conduct as alleged above in this Complaint constitute unfair competition as defined by Ohio Revised Code § 4165.02 *et seq*.

**PRAYER FOR RELIEF / REQUEST FOR REMEDIES**

WHEREFORE, the Plaintiff prays that this Court enter an Order comprising all Defendants:

A) A preliminary injunction enjoining the Defendants from making, using, marketing or selling any product or service that infringes upon the '646 mark;

B) A permanent injunction enjoining the Defendants from making, using, marketing or selling any product or service that infringes upon the '646 mark;

C) A preliminary injunction enjoining the Defendants from making, using, marketing or selling any product or service that infringes upon the '914 mark;

D) A permanent injunction enjoining the Defendants from making, using, marketing or selling any product or service that infringes upon the '914 mark;

E) An assessment of interest on the damages so computed;

F) An award of damages to the Plaintiff and against Defendants, jointly and severally, for all damages sustained by Plaintiff including the Defendants' profits and the costs of the action, and an award of attorney's fees.

G) Judgment against Defendants, jointly and severally indemnifying the Plaintiff from any claims brought against the Plaintiff for negligence, debts, malpractice, product liability, or other breaches of any duty owed by the Defendants to any person who was confused as to some association between the Plaintiff and Defendant as alleged in this Complaint;

H) Judgment against Defendants for an accounting and monetary award in an amount to be determined at trial according to the U.S. trademark laws;

I) Requiring Defendants to account to the Plaintiff for all sales and purchases that have occurred to date, and requiring the Defendants to disgorge any and all profits derived by Defendants for selling infringing product or services.

J) Requiring Defendants to provide full disclosure of any and all information relating to its supplier or suppliers of infringing product or services;

K) Requiring Defendants to destroy any and all manufacturing equipment used to manufacture infringing product or to deliver services to third parties;

L) Ordering a product recall of infringing products and services for destruction;

M) Requiring Defendants to file with this Court and serve on the Plaintiff within thirty (30) days of this Court's order a report setting forth the manner in which they complied with the order;

N) Requiring Defendants to provide to Plaintiff all sales records, including but not limited to, email, mail, and advertising lists;

O) Damages according to each cause of action herein;

P) Prejudgment interest;

Q) An injunction against Defendants under for infringing the Plaintiff's trademark;

R) An order against Defendants to destroy all things related to their infringing articles bearing a colorable imitation of the Plaintiff's mark; and,

S) Any such other relief in law or equity that this honorable Court deems just.

## JURY DEMAND

WHEREFORE, the Plaintiff requests a trial by jury on all issues so triable.

Most Respectfully Submitted,

   /s/ David A. Welling
**C. VINCENT CHOKEN (0070530)**
**DAVID A. WELLING (0075934) (lead counsel)**
*Choken Welling LLP*
3020 West Market Street
Akron, Ohio 44333
Tel.   (330) 865 – 4949
Fax   (330) 865 – 3777
vincec@choken-welling.com
davidw@choken-welling.com

**JOHN D. GUGLIOTTA (0062809)**
*John D. Gugliotta, P.E., Esq., LPA*
3020 West Market Street
Akron, Ohio 44333
Tel.   (330) 253-2225
Fax   (330) 253-6658
johng@inventorshelp.com

*Counsel for the Plaintiff*