**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **International Watchman, Inc.,** | ) | **CASE NO. 1:13 CV 1986** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **The NATO Strap Co., et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

**Introduction**

This matter is before the Court upon Counterclaim-Defendant Ronald E. Sabo, J.R.'s Fed. Civ. R. 12(b)(6) Motion to Dismiss Counterclaims Against Him (Doc. 30).[1] This is a trademark infringement case. For the reasons that follow, Sabo's motion to dismiss is GRANTED IN PART and DENIED IN PART.

---

[1] IW alone filed the original complaint against counterclaimants. Sabo contends that he is a third-party defendant, not a counterclaim defendant. However, Sabo's designation as a counterclaim defendant is accurate. *See U.S. Bank Nat'l Ass'n v. Adams*, 727 F. Supp. 2d 640, 642 (N.D. Ohio 2010) (quoting *Wells Fargo Bank v. Gilleland*, 621 F. Supp. 2d 545, 547-48 (N.D. Ohio 2009)) ("[W]here the original defendants in a case brought counterclaims against *both* the original plaintiff and new parties—those new parties were properly described as counterclaim defendants.") (emphasis original).

1

**Facts**

Ronald E. Sabo ("Sabo") is the owner/operator of International Watchman, Inc. ("IW"). IW is the designer and producer of a line of watches and watch parts that have a type of military-style watchstrap which are sold by IW under the NATO and NATO-G10 brands. IW has a federally registered mark for "NATO" via registration number 3,907,646 ("the '646 mark") and for "NATO-G10" via registration number 4,093,914 ("the '914 mark"). IW sells its products directly to consumers through its company website and online shopping sites eBay.com and Amazon.com.

IW brought suit against The NATO Strap Co., Jason Taras, Suresh C. Sachdev, Expo International, Inc., Chris Hill, Clockwork Synergy, LLC, ADNweb, LLC, Worn & Wound, Crown and Buckle LLC, James Uminowicz, The Watch Prince, FixFind, Inc., DaLuca, Inc., Strapped for Time, Inc., DeBeer Watch Brands, Inc., and Panatime Corporation, (collectively "counterclaimants")[2] alleging trademark infringement and unfair competition claims under federal and Ohio law.

Counterclaimants filed answers and raised several counterclaims against IW and Sabo. According to counterclaimants, IW and Sabo submitted false applications to the Patent Office to obtain the '646 and '914 marks by, in part, intentionally withholding that "NATO" and "NATO-G10" were generic names for watch strap products. Further, it is alleged that IW contacted eBay and represented to them that counterclaimants were infringing on the '646 and '914 marks.

---

[2] IW also brought suit against 29 Central Ltd. Co., but this defendant was dismissed under Fed. R. Civ. P. 41(a)(1). (ECF 32). 29 Central Ltd. Co. did not file a counterclaim.

2

Pursuant to eBay's policy, offers for sale of counterclaimants' products which IW indicated infringed on its trademarks were removed from the site. Counterclaimants further allege that Sabo and IW made false statements in its advertisements to consumers about the nature of the corporation, its manufacturing capabilities and experience, and its return policies.

This matter is before the Court on Sabo's motion to dismiss the counterclaims raised against him. Counterclaimants oppose the motion.

### Standard of Review

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint. In order to survive a motion to dismiss, a complaint's factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. *Ass'n of Cleveland Firefighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint must contain sufficient factual material to state a claim "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### Discussion

Counterclaimants raise six counterclaims against Sabo. The Court will address each in turn.

### Claim A: Trademark Cancellation

Counterclaimants initially raised a counterclaim against Sabo and IW for cancellation of trademarks under 15 U.S.C. § 1064(3). Sabo moves to dismiss on the basis that IW owns the marks so no claim could be raised against him for trademark cancellation. Counterclaimants concede that this claim fails and the Court agrees. *See Iowa Health Sys. v. Trinity Health Corp.*, 177 F. Supp. 2d 897, 911 (N.D. Iowa 2001) (noting that a trademark cancellation suit must be brought against the trademark owner); *Informix Software, Inc. v. Oracle Corp.,* 927 F. Supp. 1283 (N.D.Cal. 1996) (finding that the owner of the trademark was the only proper defendant in a suit for its cancellation). Sabo's motion to dismiss the trademark cancellation claim against him is GRANTED.

### Claim B: Attempted Monopolization

Counterclaimants raise a claim against Sabo and IW for attempted monopolization under the Sherman Act, 15 U.S.C § 2. Sabo argues that this claim must fail because IW brought suit against counterclaimants, and trademark owners have the right to bring suit to protect their marks. Further, he argues that the communications between IW and eBay are protected free expression. Finally, Sabo argues that he cannot be personally liable on this counterclaim.

Initiating a lawsuit or contacting a seller in order to stop infringement of a trademark is not attempted monopolization when done by the trademark owner. *3M Co. v. Mohan*, CIV. 09-1413 ADM/FLN, 2010 WL 3200052 (D. Minn. Aug. 9, 2010)*, aff'd* 482 F. App'x 574 (Fed. Cir. 2012); *Leopold v. Henry I. Siegel Co.,* 1987 WL 5373 (S.D.N.Y.1987). However, counterclaimants here seek the cancellation of the trademark. And "it is well settled that a corporation's agents and officers may be held personally liable if they participate in or authorize

4

corporate activities that violate antitrust laws." *Georgandellis v. Holzer Clinic, Inc.*, 2:08-CV-626, 2009 WL 1585772 (S.D. Ohio June 5, 2009). As such, a claim can be stated against Sabo for attempted monopolization. *Accord Surface Supplied, Inc. v. Kirby Morgan Dive Sys., Inc.*, C-13-0575 MMC, 2013 WL 5496961 (N.D. Cal. Oct. 3, 2013) (allowing counterclaimants to replead an attempted monopolization claim where they sought cancellation of the trademark). Sabo's motion to dismiss this claim is DENIED.

### Claim C: False Advertising

Counterclaimants bring a claim of false advertising under the Lanham Act, 15 U.S.C. § 1125(a) against Sabo and IW. Sabo argues that there is no allegation that he made any false, misleading or deceptive statement. Rather, Sabo points to allegations that IW did the advertising for the products. Sabo argues that there is no basis on which he would be personally liable for IW's false advertising.

"Employees of corporations are not shielded from individual liability under the Lanham Act solely because their actions were taken within the scope of their employment." *Two Men and a Truck,* No. 5:94-CV-162, 1995 WL 549278 at *4 (W.D. Mich. Jul. 24, 1995) (citing *Donsco, Inc. v. Casper Corp.,* 587 F.2d 602, 606 (3rd Cir. 1978)). Showing that an officer "authorized and approved the acts of unfair competition which are the basis of the corporation's liability is sufficient to subject the officer to personal liability." *Martal Cosmetics, Ltd. v. Int'l Beauty Exchange Inc.,* No. CV-01-7595, 2007 WL 895697 at *23 (E.D.N.Y. March 22, 2007) (*quoting Bambu Sales, Inc. v. Sultana Crackers,* 683 F.Supp. 899, 913 (E.D.N.Y. 1988)).

Counterclaimants have alleged that Sabo is the owner/operator of IW, a fact which he acknowledges. They allege that IW and Sabo made various false representations in advertising

IW products.  Counterclaimants, consequently, are able to state a claim against Sabo for false advertising under the Lanham Act.  Sabo's motion to dismiss this claim is DENIED.

### Claims D and E: Tortious Interference with Contract/Business Relations and Tortious Interference with Prospective Economic Advantage

Sabo argues that for the reasons he stated in his argument against the claims under the Sherman Act and Lanham Act, the claims of tortious interference with contract and business relations and tortious interference with prospective economic advantage should also be dismissed.

The Court is unpersuaded by Sabo's cursory argument which wholly fail to address these distinct claims raised against him.  Consequently, his motion to dismiss these two claims is DENIED.

### Claim F: Unjust Enrichment

Counterclaimants bring a claim against Sabo and IW for unjust enrichment.  Sabo moves to dismiss on the basis that there is no theory under which he could be personally liable for the alleged acts of IW, essentially arguing that he should not be liable for IW's obligations.  Counterclaimants respond that Sabo admits to being the owner/operator of IW.  They allege that he dominates and controls its actions.  They further allege that IW and Sabo engaged in fraud in obtaining the trademarks at issue and used these trademarks to take business away from counterclaimants by contacting eBay.  In essence, counterclaimants are arguing for the right to pierce the corporate veil.

Under that theory in Ohio, the corporate form may be disregarded, and the shareholders and officers of a corporation may be held liable for corporate misdeeds when: (1) control over

the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own; (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity; and (3) injury or unjust loss resulted to the plaintiff from such control or wrong.  *Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos., Inc.,* 67 Ohio St.3d 274, 289, 617 N.E.2d 1075 (1993).

Counterclaimants have alleged that Sabo is the owner/operator of IW and that he dominates and controls its operations. (Doc. 25 ¶ 115).  They typify IW as being "essentially a one-man operation", and allege that Sabo and IW committed fraud in submitting trademark applications to the Patent Office. (Doc 31, Doc. 25 ¶ 127).  Relying on the trademark registrations from that office, they allege that Sabo and IW contacted eBay and induced the site to stop directing customers to counterclaimants' products which caused them to lose sales. (Doc. 25 ¶ 124).  The Court, therefore, finds that defendants-counterclaims have stated a claim against Sabo for unjust enrichment under the theory of piercing the corporate veil.  Sabo's motion to dismiss as to this claim is DENIED.

### **Conclusion**

For the reasons set forth above, Counterclaim-Defendant Ronald E. Sabo J.R.'s Fed. Civ. R. 12(b)(6) Motion to Dismiss the Counterclaims Against Him (Doc. 30) is GRANTED IN PART and DENIED IN PART.  Sabo's motion to dismiss the counterclaims is GRANTED as to the claim for cancellation of federal trademarks under 15 U.S.C. § 1064(3).  This claim remains pending against IW.  Sabo's motion to dismiss the other claims against him is DENIED.

IT IS SO ORDERED.

                                          /s/ Patricia A. Gaughan  
                                          PATRICIA A. GAUGHAN  
                                          United States District Judge

Dated: 3/28/14